785 So.2d 1029 (2001)
Todd A. HEBERT
v.
C.F. BEAN CORPORATION.
No. 2000-CA-1029.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2001.
Lamont P. Domingue, Brent P. Frederick, Voorhies & Labbe', Lafayette, Counsel for Plaintiff/Appellant.
Timothy W. Basden, Alan K. Breaud, Breaud & Lemoine, Lafayette, Counsel for Defendant/Appellee.
*1030 Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge MAX N. TOBIAS Jr.
TERRI F. LOVE, Judge.
This is an appeal by Plaintiff, Todd A. Hebert, from a decision by the trial court dismissing his claims without prejudice for failure to appeal at trial and prosecute his case.

FACTS AND PROCEDURAL HISTORY
Plaintiff brought an action to recover damages for injuries allegedly sustained on or about April 14, 1996 while employed as an oiler aboard Bean Dredge # 8. Plaintiff sought recovery against C.F. Bean Corporation for negligence under the Jones Act.
Plaintiff filed suit on April 14, 1997. After adequate discovery, trial was scheduled for February 1, 1999. However, at the request of Plaintiff, the trial was continued on two separate occasions. First, on January 14, 1999, a continuance was granted because Plaintiff's counsel was out of town for personal reasons. The matter was rescheduled for May 10, 1999. A second continuance was sought and granted on May 7, 1999. Once again the trial was continued and rescheduled until August 30, 1999. On the day of trial, defense counsel was present and counsel for Plaintiff was present. However, Plaintiff failed to appear.
Defendant, Bean, moved for an involuntary dismissal pursuant to La. C.C.P. art 1672. After a full discussion on the record regarding Plaintiff's absence, the trial court granted the motion and dismissed the case without prejudice.
Following the entry of the judgment, Plaintiff filed a Motion for New Trial. At the hearing, Plaintiff testified that he knew the trial was scheduled for August 30, 1999 but he intentionally did not appear. Plaintiff stated that he thought if he did not appear he would automatically obtain a continuance. Further, Plaintiff testified that he did not trust his attorney so he wanted to delay the trial in order to seek different legal representation.
After hearing Plaintiff's testimony, the trial court denied Plaintiff's Motion for New Trial. Plaintiff appeals contending that he was entitled to a continuance and a new trial.

DISCUSSION
First, Plaintiff argues that the trial court should have granted the continuance based on La. C.C.P art. 1601 which provides that a continuance may be granted in any case "if there is good ground therefor." Plaintiff argues that the good grounds are the fact that he is unsophisticated and not well educated. Also, Plaintiff cites his distrust of his lawyer as grounds for a continuance.
Jackson v. Royal Insurance Company, 97-723 (La.App. 3 Cir. 12/17/97), 704 So.2d 424 stated:
A trial judge has wide discretion in the control of his docket, in case management and in determining whether a motion for continuance should be granted. Furthermore, it is well settled that the trial court's dismissal of a cause of action based upon plaintiff's failure to appear for trial will not be reversed absent a showing that the trial court abused its discretion.
The record reflects that the trial judge had continued the matter on two previous occasions at the request of Plaintiff. Plaintiff was aware of the trial date and in fact made plans with his lawyer to attend the trial. Moreover, it is uncontested that Plaintiff had full knowledge of the date and time of trial and intentionally decided not to attend. Hence, the trial court in its vast discretion decided not to accept the *1031 reasoning behind Plaintiff's failure to appear and declined to grant another continuance. Under these circumstances, we find no abuse of discretion in the denial of the continuance.
Plaintiff next argues that the trial court should have granted his motion for new trial. La. C.C.P. art. 1972 mandates that a new trial be granted if the judgment is contrary to the law and evidence. Additionally, La. C.C.P. art. 1973 provides the court with the discretion to grant a new trial "if there is good ground therefor." If a trial judge is convinced that the judgment would result in a miscarriage of justice, a new trial should be granted. Lamb v. Lamb, 430 So.2d 51 (La.1983). Such is not the case here. There was no "miscarriage of justice" which warranted a new trial. Plaintiff decided not to attend the trial and his ignorance of the law is not an excuse. A trial court judge has inherent power to take whatever reasonable actions are necessary to maintain control of his docket. Brower v. Quick Service Body Shop, 377 So.2d 878 (La.App. 4 Cir.1979). Therefore, we find no merit in this assignment of error.
Finally, Plaintiff argues the dismissal was improper because his counsel was present for trial.
La. C.C.P. art. 1672(A) states:
A. (1) A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
Plaintiff interprets La. C.C.P. art. 1672 to include an appearance by either the Plaintiff or Plaintiff's counsel. The propriety of a trial court's grant of a motion for involuntary dismissal is subject to the manifest error standard of review. Heflin v. Sabine Ass'n of Retarded Citizens, 96-782 (La.App. 3 Cir. 12/26/96), 685 So.2d 665.
This Court stated in U.S. Machine and Equipment Company v. Kerschner Air Conditioning and Heating Company, Inc., 342 So.2d 1278 (La.App 4 Cir.1977):
Indeed, a trial judge's authority to deny a request for a continuance would be rendered meaningless if an attorney could appear without his client or other witnesses on the date fixed for trial, present an unfounded request for continuance and, after denial of the request, successfully oppose a dismissal because of his mere appearance. The more reasonable approach is that when a trial judge reasonably exercises his discretion in denying a continuance, mere appearance of plaintiff's counsel, unaccompanied by a readiness to proceed to trial, if required to do so, does not prevent dismissal of the action. [footnotes and cites omitted]
In the present case there is no evidence that Plaintiff's counsel was ready to proceed without his client. Therefore, the mere appearance of Plaintiff's counsel is not enough to defeat the dismissal of the action. Given the record before us, we find no abuse of discretion on the trial court's part in granting the involuntary dismissal without prejudice.

DECREE
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED