JOAN BERNARD ARMSTRONG, Judge.
This is an appeal by the property owner in an expropriation case. Because we find that the property owner had adequate notice of the proceedings, that the trial court did not abuse its discretion in denying a continuance and that the trial court was not clearly wrong-manifestly erroneous as to the value of the property, we will affirm.
The property in question is a vacant lot in New Orleans. Defendant-appellant Laura Riera is one of the owners of the expropriated property. The plaintiff-ap-pellee is The New Orleans Redevelopment Authority (“NORA”). NORA is a government agency which has the authority and duty to expropriate blighted properties.
Following administrative proceedings, the New Orleans Department of Health declared the property in question to be blighted and a public nuisance, and eligible for expropriation, by an administrative adjudication of August 31, 2000. So far as the record reveals, no judicial review was sought as to that adjudication.
li>NORA obtained a December 1, 2001 appraisal report of the property which appraised the property at $22,400. NORA had a second appraiser review the December 1, 2001 appraisal report and confirm the appraisal of $22,400.
On March 27, 2002, NORA sent a letter to Ms. Riera, certified mail and return receipt requested, which: (1) informed her of the administrative adjudication that the property was blighted and enclosed a copy of the notice of judgment for the administrative adjudication; (2) informed her that NORA was proceeding to expropriate the property; (3) informed her of the $22,400 appraisal and informed her of the names and addresses of the two appraisers who had appraised the property; and (4) offered to buy the property for $22,400. Ms. Riera signed the receipt for this letter on April 4, 2002.
NORA filed a petition for expropriation on April 15, 2002. Service of process was made upon a curator ad hoc for Ms. Riera on April 17, 2002. Edward Cerrone, Esq. contacted the curator ad hoc and, on May 8, 2002, wrote a letter to the curator ad *329 hoc and stated that he, Mr. Cerrone, represented Ms. Riera and would be filing responsive pleadings on behalf of Ms. Ri-era. On May 20, 2002, Ms. Riera, represented by Mr. Cerrone, filed an answer. The case was set for trial for June 20, 2002. On May 28, 2002, Ms. Riera filed a motion to continue the trial date.
At the outset of the trial on June 20, 2002, after questioning counsel as to the circumstances of the case, the trial court denied the motion to continue. The trial proceeded, with NORA presenting evidence, inter alia, of the $22,400 value of the 1 ¡¡property. The trial court rendered a judgment granting the expropriation and fixing the compensation at $22,400. Ms. Riera took the present appeal from that judgment.
Ms. Riera’s first argument on appeal is that she was denied due process because she did not receive notice of the expropriation proceedings sufficiently in advance of the June 20, 2002 trial date. However, Ms. Riera received actual, written notice of the appropriation proceedings and the $22,400 appraisal, with other pertinent information, no later than April 4, 2002, which was about two and a half months before trial. The only issue for trial was the $22,400 value found for the property by the appraisers. Ms. Riera had sufficient notice in light of the limited scope of the trial.
Ms. Riera’s next argument on appeal is that the trial court erred by denying her motion for continuance. Ms. Riera states that she moved for a continuance pursuant to Article 1601 of the Code of Civil Procedure which article provides that a continuance may be granted “if there is good ground therefor”. A trial court has “wide discretion” in deciding whether to grant or deny a motion for continuance under Article 1601. Hebert v. C.F. Bean Corp., 2000-1029 (La.App. 4 Cir. 04/25/01), 785 So.2d 1029, 1030. As mentioned above, the only issue for trial was the $22,400 value of the property determined by the two appraisers engaged by NORA. Ms. Riera’s motion for continuance, argument on the motion in the trial court and brief on appeal indicate only that Ms. Riera wanted additional time for unspecified discovery. No subjects of discovery were identified. There is no | ¿indication of how a continuance would have helped Ms. Riera contest the $22,400 appraisal of the property. Under the circumstance, we do not find that the trial court abused its “wide discretion” in denying the motion for continuance.
Ms. Riera’s third argument on appeal is that the property was improperly appraised as a site for a single family residence when, at one time, there had been an apartment building on the property. However, the property is in an area zoned for single family residences. The nonconforming use status, which had previously allowed the apartment building, had been lost by non-use. Therefore, the appraisal as a site for a single family residence was proper. Consequently, the trial court was not clearly wrong-manifestly erroneous in finding the value of the property to be $22,400.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.