# IN THE COURT OF APPEALS OF IOWA

No. 14-1002
Filed March 25, 2015

IN RE THE MARRIAGE OF DOUGLAS MORTON
AND COURTNEY MORTON

Upon the Petition of
DOUGLAS MORTON,
      Petitioner-Appellant,

And Concerning
COURTNEY MORTON, n/k/a COURTNEY MORRIS
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

      Former husband appeals the district court's default judgment modifying the child custody provisions of the parties' dissolution decree. **AFFIRMED.**

      Christina I. Thompson of Phil Watson, P.C., Des Moines, for appellant.

      Andrew B. Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West Des Moines, for appellee.

      Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Douglas Morton appeals the district court's entry of a default judgment in a modification proceeding initiated by his former wife, Courtney Morton, now known as Courtney Morris. We affirm and order Douglas to pay Courtney's appellate attorney fees of $6870 as well as appellate court costs.

Douglas and Courtney married in 2003, and they have one minor child, born in 2005. The parties' marriage was dissolved by decree in 2008, and the parties were granted joint legal custody of their child. The child's physical care was placed with Courtney, and Douglas was awarded visitation and ordered to pay child support.

In February 2014, Courtney filed a petition seeking modification of the decree. Douglas subsequently filed a pro se answer to the petition, stating all of Courtney's claims were false and requesting the court deny her petition. Thereafter, the district court filed a family-law-case-requirements order. It set forth the pretrial duties imposed on the parties, including the filing of requisite documents. It also set a pretrial conference for March 2014 and stated the parties or their attorneys must attend. The order set forth penalties for noncompliance, including dismissal and default, among other things.

The pretrial conference was held as scheduled. An attorney appeared on behalf of Courtney, but neither Douglas nor anyone on his behalf appeared. Douglas also had not filed the necessary documents as set out in the family-case-law-requirements order. The court entered a pretrial order advising it still needed pretrial documents from Douglas, including his affidavit of financial status, among other things, and it imposed sanctions upon Douglas for his failure

to comply with the court's prior order. However, the "sanction" imposed was actually a two-week extension of time, giving Douglas until April 7, 2014, to file the required documents "or further sanctions may be imposed."

At the end of April 2014, Courtney filed an application for sanctions against Douglas because he still had not complied with the court's orders. Courtney alleged Douglas was engaging in stall tactics to delay the process, and she requested the court impose sanctions including, but not limited to, finding Douglas was in default. The court set the matter for hearing on May 19, 2014.

Hearing on Courtney's application was held as scheduled, and Douglas did not appear. Other than his answer, he still had not filed any documents in the case. The court proceeded on with the hearing, and Courtney testified concerning her petition to modify the decree.

Courtney testified there were several reasons there had been a material and substantial change in circumstances since entry of the decree. She testified Douglas was unable to provide a stable residence and day-to-day routine parenting, including providing for their child's material and hygienic needs, and she believed Douglas's deficiencies were because he was abusing substances and their child's safety was at risk as a result. Courtney testified Douglas failed to make sure the child was taken to school on time and that the child did his homework. She stated Douglas refused at times to take the child to his extracurricular activities. She also testified Douglas refused communication with her and failed to provide child support as ordered. She requested legal custody of their child be modified to give her sole legal custody and that Douglas's visitation be significantly limited going forward. With that change, she also

requested Douglas's support obligation be increased. She testified Douglas was not current in his child support and was not covering the child's health insurance as he was directed to in the parties' decree.

At the conclusion of Courtney's testimony, the court granted the relief Courtney requested on the record, "specifically, . . . the imposition of the sanctions in the form of a default judgment for the relief that was requested in the modification petition." The court subsequently filed its written order modifying the dissolution decree as requested by Courtney.

Douglas now appeals. He contends the district court's entry of a default judgment in the proceeding against him was too harsh a sanction, and he asserts the court entered its sanctions order without considering whether all of the modifications sought by Courtney were in the child's best interests, among other things. He did not file a motion in district court seeking to set aside the default judgment. *See* Iowa R. Civ. P. 1.977.

"A default judgment is a judgment against the party who has failed to take the next step required in the progress of a lawsuit." *Jack v. P & A Farms, Ltd.*, 822 N.W.2d 511, 515 (Iowa 2012). Though the general policy in Iowa is "to allow a determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake," *id.* at 519, the Iowa Rules of Civil Procedure provide that a default judgment may be entered if a party "fails to comply with any order of court." Iowa R. Civ. P. 1.971(4).

We generally engage in a de novo review of an action to modify a custody decree, giving weight to the district court's factual determinations without being bound by its determinations. Iowa R. App. P. 6.907; *Melchiori v. Kooi*, 644

N.W.2d 365, 368 (Iowa Ct. App. 2002). However, a decision to grant a motion for default judgment rests in the sound discretion of the district court, and "[r]eversal on appeal is warranted only when the court's discretion has been abused." *Wilson v. Liberty Mut. Grp.*, 666 N.W.2d 163, 165 (Iowa 2003). Upon a finding of default, the court is allowed to "award any relief consistent with the petition and embraced in its issues" in its judgment. Iowa R. Civ. P. 1.976.

We find the relief ordered by the district court is consistent with Courtney's modification requests and is supported by the record. Douglas was properly served with an original notice of the modification petition. He filed an answer contesting the issues raised in Courtney's petition for modification. Douglas chose not to appear for any of the scheduled court hearings. He did not file any of the required documents as ordered in the family-law-case-requirements order, even after he was given an extension of time to do so. The order warned him of noncompliance penalties, including entry of default. Douglas simply ignored the order and did nothing. He cannot now legitimately claim the court went too far and abused its discretion. *See Claeys v. Moldenschardt*, 148 N.W.2d 479, 484 (Iowa 1967).

Additionally, even after reviewing the matter de novo, the testimony given by Courtney at the hearing factually supports her modification petition and the court's granted relief. Generally, the party requesting modification must establish (1) a substantial and material change in circumstances, which is more or less permanent, was not contemplated by the court when the decree was entered, and affects the child's welfare and (2) the requesting parent is able to provide superior care and minister more effectively to the child's needs. *In re Marriage of*

*Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). Here, Courtney testified as to Douglas's actions that negatively affected the child's welfare and safety, and her testimony establishes she can both provide to the child superior care and minister more effectively to the child's needs. Courtney's testimony also establishes modification was in the child's best interests. Because the court did not abuse its discretion in entering a default judgment against Douglas as a sanction for his failure to comply with the court's orders, and Courtney's testimony fully supports her petition for modification, we affirm the court's default judgment modifying the parties' dissolution decree.

Courtney requests appellate attorney fees. Such an award rests in our discretion and is based on the merits of the appeal, Courtney's needs, and Douglas's ability to pay. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). Because Douglas's appeal fails on the merits and Courtney was required to defend his appeal, we award Courtney $6870 in appellate attorney fees. Costs on appeal are assessed to Douglas.

**AFFIRMED.**