# IN THE COURT OF APPEALS OF IOWA

No. 17-1410
Filed October 10, 2018

**IN RE THE MARRIAGE OF MOHAMMAD M. HAIDAR
AND PATRICIA A. HAIDAR**

**Upon the Petition of
MOHAMMAD M. HAIDAR,**
        Petitioner-Appellee,

**And Concerning
PATRICIA A. HAIDAR,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        Respondent appeals from the decree of dissolution of marriage entered upon default and default judgment. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**


        Jacob van Cleaf of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

        James R. Hinchliff of Shindler, Anderson, Goplerud & Weese, PC, West Des Moines, for appellee.


        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The question presented in this appeal is whether the district court's entry of default judgment is justified when a party fails to appear personally for trial but the party's attorney is present and able to proceed in the client's absence.

I.

Mohammad and Patricia Haidar married in North Carolina in 2006. They entered into a separation agreement in 2014. As part of that agreement, Mohammad agreed to pay temporary support to Patricia in the amount of $850 per month in semi-monthly installments until the time a dissolution decree was entered. Mohammad retired from the armed services and moved to Iowa in late December 2014 or early January 2015. At the time he moved, Mohammad assumed Patricia had followed through and finalized the parties' divorce. Subsequently, Mohammad learned the parties' divorce was not final.

Upon finding out the parties were not divorced, Mohammad filed this dissolution action in Iowa in August 2016. Patricia continued to reside in North Carolina, but she was served with notice of the petition. She filed her answer. She engaged in discovery, pretrial disclosures, pretrial motion practice, and pretrial conferences. Upon Patricia's motion, the district court entered an order on temporary matters. In the order, the district court enforced the parties' separation agreement and ordered Mohammad to pay temporary spousal support in the amount of $850 per month to be paid semi-monthly. The district court also ordered the matter be tried in April 2017. The uniform scheduling order provided "[c]ounsel shall be prepared to complete the examination of Petitioner and Respondent as the first two witnesses at trial."

Six days before the scheduled trial date, Patricia filed a motion to continue trial. In the alternative, she requested she be allowed to appear telephonically. In support of her motion, Patricia claimed she lacked the financial resources to travel to Iowa for trial because Mohammad had missed four recent spousal support payments. The district court denied the motion on the ground Patricia had been aware of the scheduled trial date for months.

Things came to a head on the day of trial. Patricia failed to appear at the trial. Her counsel was present and stated he was able to proceed without his client's personal presence. Counsel noted most of the evidence relevant to the issues to be determined consisted of financial statements and other financial documents. The district court denied the request to proceed without Patricia being personally present.

Mohammad moved for the entry of default and default judgment. He argued Patricia was in default because she failed to be present for trial as set forth in Iowa Rule of Civil Procedure 1.971(3). He also argued default was appropriate because Patricia failed to comply with court orders as set forth in Rule 1.971(4). The district court granted Mohammad's motion on both grounds.

The dissolution decree assumed all of Mohammad's evidence to be true, approved the property division set forth in the 2014 separation agreement, determined neither party would pay spousal support, released Mohammad from any past obligation to make support payments from January 1, 2015, through October 31, 2016, and denied Patricia's request for a portion of Mohammad's past military housing allowance. Patricia filed a motion to enlarge and reconsider,

asking for the default to be set aside. The court denied the motion, and Patricia timely filed this appeal.

## II.

"A default judgment is a judgment against the party who has failed to take the next step required in the progress of a lawsuit. Iowa Rule of Civil Procedure 1.971 governs default judgments . . . ." *Jack v. P & A Farms, Ltd.*, 822 N.W.2d 511, 515 (Iowa 2012). "A decision to grant or deny a motion for default judgment rests in the sound discretion of the trial court." *Id..* "We review the district court's decision to grant a motion for default judgment for an abuse of [that] discretion." *Mott v. State*, No. 12–1293, 2013 WL 5962908, at *1 (Iowa Ct. App. Nov. 6, 2013). "'A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable,' by issuing a decision that 'is not supported by substantial evidence' or one that 'is based on an erroneous application of the law.'" *City of Des Moines v. Ogden*, 909 N.W.2d 417, 423 (Iowa 2018) (quoting *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016)). Where, as here, the question turns on the interpretation and application of the Iowa Rules of Civil Procedure, our review is "for correction of errors at law." *Jack*, 822 N.W.2d at 515.

We first consider whether the district court abused its discretion or erred in entering default pursuant to Rule 1.971(3). Iowa Rule of Civil Procedure 1.971(3) provides "[a] party shall be in default whenever that party . . . fails to be present for trial." Iowa R. Civ. P. 1.971(3). Under the plain language of the rule, Patricia would appear to be in default. However, in *Jack* the supreme court limited the application of the rule:

> [W]hen a party *and* the party's representative fail to appear for trial, the decision to grant or deny a motion for default judgment under rule 1.971(3) rests within the sound discretion of the trial court. However, we do not interpret rule 1.971(3) to permit the entry of a default judgment against a party who fails to appear personally for trial when the party's attorney is present and able to proceed in the party's absence. Unless subject to a subpoena or court order, a plaintiff in a civil trial is not obligated to take the stand. Thus, there is no reason why a plaintiff in a civil trial should be required to appear personally when his or her presence is not "reasonably necessary."

822 N.W.2d at 519 (citations omitted).

In applying *Jack* to the facts of this case, we conclude the district court erred in finding Patricia in default under Rule 1.973(1). Although Patricia was not physically present at trial, her attorney was present and was able to proceed. Her presence was not "reasonably necessary" within the meaning of *Jack*. A party's presence is reasonably necessary to the trial when the party's absence prevents the district court from "adequately functioning and dispensing justice." *Id.* at 517. The *Jack* court cited examples of cases in which a party's presence was not reasonably necessary, including postconviction-relief proceedings and termination-of-parental-rights proceedings, among others. *See id.* There is no reason a party's physical presence in a dissolution is more necessary than in postconviction or termination proceedings. Further, there is no showing the district court could not have adequately functioned and dispensed justice in Patricia's absence. That is especially true where, as here, child custody was not at issue and the relevant evidence largely would have consisted of financial statements and documents. The district court erred in entering default and default judgment under Rule 1.971(3) and the controlling authority.

We next consider whether the district court abused its discretion or erred in entering a default judgment against Patricia under Rule 1.971(4). According to Rule 1.971(4), "A party shall be in default whenever that party . . . [f]ails to comply with any order of court." Iowa R. Civ. P. 1.971(4). Mohammad defends the district court's decision on three grounds.

He first argues that Patricia's submission of invalidly notarized affidavits constituted default. By way of background, the district court issued a family-law case-requirements order that required the parties to submit financial affidavits. Patricia submitted an affidavit and an affidavit of financial status before the hearing on temporary matters. After the hearing, Mohammad's attorney determined Patricia's affidavits were improperly notarized. When this mistake came to Patricia's attorney's attention, Patricia submitted a validly notarized financial affidavit that was identical in substance to the former one.

We conclude the incorrectly-notarized affidavits do not justify the entry of default. First, the non-compliance does not constitute the failure to comply with a court order. Although Patricia's initial affidavits were incorrectly notarized, she submitted a corrected affidavit immediately thereafter in compliance with the district court's order. Even if the deficient affidavits were deemed to amount to non-compliance, the technical non-compliance would not justify the entry of default. "In order to justify the sanction of default, a party's noncompliance with a court's discovery orders must be the result of willfulness, fault, or bad faith." *In re Marriage of Williams*, 595 N.W.2d 126, 129 (Iowa 1999); *see also City of Griswold v. Davies*, No. 07-1384, 2008 WL 4724740, at *3 (Iowa Ct. App. Oct. 29, 2008). Here, there is no showing of willfulness, fault, or bad faith. The matter was quickly

resolved upon being brought to the attention of counsel, and the substance of the relevant affidavit remained the same.

Mohammad also argues that Patricia's failure to appear at trial constituted non-compliance with the uniform scheduling order. We disagree. That order provided: "Counsel shall be prepared to complete the examination of Petitioner and Respondent as the first two witnesses at trial." Mohammad's interpretation of the order is overbroad. The order does not require Patricia to personally appear for trial. Instead, it sets the order for the presentation of evidence in the event the parties personally appear and choose to present evidence.

Finally, Mohammad argues that the court's order denying Patricia's motion to continue required her presence at trial. The order reads: "Respondent's Motion to Continue the trial date or in the Alternative to Appear by Telephone is DENIED. Respondent has been aware of the trial date since it was ordered in January of this year. Absent agreement to appear by telephone said request is also DENIED." Again, Mohammad's interpretation of the order is overbroad. The order does not require Patricia's personal presence; it simply denied her motion to continue and her motion to appear by telephone. It left open to her whether or not she wished to appear and testify. This was a valid choice left open to her. *See Jack*, 822 N.W.2d at 519 ("Unless subject to a subpoena or court order, a plaintiff in a civil trial is not obligated to take the stand. Thus, there is no reason why a plaintiff in a civil trial should be required to appear personally when his or her presence is not 'reasonably necessary.'").

The district court has "the inherent power . . . to enforce pretrial orders by imposing sanctions." *See Fry v. Blauvelt*, 818 N.W.2d 123, 130 (Iowa 2012).

However, "[b]ecause the sanctions of dismissal and default judgment preclude a trial on the merits, the range of the trial court's discretion to impose such sanctions is narrow." *In re Marriage of Malone*, No. 14-0580, 2014 WL 6682124, at *4 (Iowa Ct. App. Nov. 26, 2014) (quoting *Fenton v. Webb*, 705 N.W.2d 323, 326 (Iowa Ct. App. 2005)). "Dismissal and entry of a default judgment should be the rare judicial act." *Id.* (quoting *Kendall/Hunt Publ'g Co. v. Rowe*, 424 N.W.2d 235, 241 (Iowa 1988)). This is not the rare case in which the entry of default judgment should have occurred. Patricia's counsel appeared in person and was able to proceed. Patricia's physical presence was not necessary to the administration of justice. Nor was her physical presence required by any court order. The district court erred in entering default and judgment on the default.

### III.

We reverse the district court's entry of default judgment. In fashioning a remedy, however, we affirm the portion of the judgment dissolving Patricia and Mohammad's marriage. *See In re Marriage of Windschitl*, No. 05-1079, 2006 WL 624317, at *4 (Iowa Ct. App. 2006) ("We recognize that a portion of the default judgment granted Kristin a dissolution of marriage. We affirm that part of the default judgment, but reverse all remaining provisions."). We vacate the remainder of the decree and remand this matter to the district court for a determination of the remaining issues. We do not retain jurisdiction.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**