# IN THE COURT OF APPEALS OF IOWA

No. 20-1284
Filed July 21, 2021

**DAVID SCHNEIDER,**
    Plaintiff-Appellant,

**vs.**

**TRANSAMERICA LIFE INSURANCE COMPANY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill (motions for default judgment and dismissal) and Mary E. Chicchelly (motion to amend), Judges.

David Schneider appeals the denials of his applications for default judgment on his claims against Transamerica Life Insurance Company. **AFFIRMED.**

David Schneider, Cedar Rapids, self-represented appellant.

Wilford H. Stone and Nathan M. Kooker (until withdrawal) of Lynch Dallas, P.C., Cedar Rapids, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

David Schneider appeals after the district court entered an order dismissing his employment discrimination lawsuit against his former employer, Transamerica Life Insurance Company (Transamerica). Schneider does not challenge the district court's dismissal of his lawsuit for failing to state a claim on which relief may be granted under Iowa Rule of Civil Procedure 1.1421(1)(f). Instead, he challenges the orders denying his applications for default judgment and his motion to amend those orders.

We begin "by noting there is a longstanding policy in our state favoring the resolution of legal disputes on the merits" and "default judgments are disfavored." *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 699 (Iowa 2021). Rulings on motions for default judgment rest in the district court's discretion. *See Jack v. P & A Farms, Ltd.*, 822 N.W.2d 511, 515 (Iowa 2012). We will reverse the court's denial of a motion for default judgment only if it abused this discretion. *See id.*

Schneider applied for default judgment after an order (presumably auto-generated) from the district court erroneously stated the lawsuit had been on file for more than ninety days without an answer or responsive pleading.[1] Transamerica moved the court to amend the order, noting it had filed and was awaiting adjudication on its pre-answer motion to dismiss. The court then entered an order clarifying that it would not enter default judgment "unless [Transamerica] has been instructed to file an answer and subsequently fails to do so." Despite this clarification, Schneider filed two applications for default judgment. Both

---

[1] In reciting the procedural history of the case in its order granting Transamerica's motion to dismiss, the district court described this order as "mistakenly entered."

applications were denied. He moved to reconsider the denial of those applications, which was also denied. The court then dismissed Schneider's suit for failure to state a claim upon which relief may be granted. Schneider appealed.

Our rules allow a defendant twenty days after the plaintiff serves original notice and a petition to file a motion or answer. *See* Iowa R. Civ. P. 1.303(1). A defendant who fails to do so is in default. *See* Iowa R. Civ. P. 1.971(1). But when, as here, a defendant files a motion within that twenty-day period, the deadline for answering the petition is ten days after the court rules on the motion. *See* Iowa R. Civ. P. 1.441(3).

Schneider's sole argument for default judgment is based on the court order stating Transamerica failed to file a responsive pleading, which the court later determined was entered in error. The court corrected this statement in response to Transamerica's motion to amend the order and repeated this correction when denying Schneider's applications for default judgment and his motion to reconsider those rulings. It is clear from the record that Transamerica filed a timely pre-answer motion to dismiss and the court had not yet ruled on it when Schneider filed his applications for default judgment. Because Transamerica did not have to answer until the court ruled on its motion, there is no basis for finding it in default. We affirm the orders denying Schneider's applications for default judgment and his motion to reconsider.

**AFFIRMED.**