# IN THE COURT OF APPEALS OF IOWA

No. 22-0731
Filed February 8, 2023

**IN THE INTEREST OF A.T.,**
**Minor Child,**

**AVALON CENTER,**
      Petitioner-Appellee,

**J.V., Father,**
      Respondent-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

A father appeals the termination of his parental rights to a child in a private termination action. **AFFIRMED.**

Richard N. Tompkins Jr. and David A. Grooters, Mason City, for appellant father.

Caitlin Slessor of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee Avalon Center.

Mindi M. Vervaecke of Wertz Law Firm P.C., Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to a child, born in 2021. He argues "[t]he juvenile court erred by not setting aside the default judgment to terminate [his] parental rights and not ordering a new trial."

The case evolved as follows. The child's mother released custody of the child to a placement agency known as the Avalon Center. The Center petitioned to terminate parental rights pursuant to Iowa Code chapter 600A (2021). The mother consented to termination. The putative father was served with process and filed an application for appointment of counsel. The district court granted the application. Counsel appeared at the hearing to terminate parental rights. The father did not, despite prior statements to counsel that he would.[1] The hearing went forward, and the district court terminated the father's parental rights to the child.

The father moved to set aside the termination order on the ground that he had COVID-19 on the day of the termination hearing. The district court denied the motion following an evidentiary hearing. The court cited the father's testimony that he did not contact his attorney until eleven days after the termination hearing, notwithstanding his knowledge of the potential consequences.

On appeal, the father argues "the default judgment ruling . . . should be set aside on the ground of excusable neglect." *See* Iowa R. Civ. P. 1.977. The Center

---

[1] There is no question the father received notice of the termination action and subsequent proceedings. *Cf. In re T.E.C.*, No. 09-1804, 2010 WL 1049992, at *2 (Iowa Ct. App. Mar. 24, 2010) (concluding the district court abused its discretion in denying a father's motion to set aside a default judgment on the ground that he was not provided notice of the date and time of the termination hearing).

responds by questioning whether error was preserved and by arguing the termination order "was not a default judgment." We elect to bypass the error-preservation concern and proceed to the substantive contention. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

A party is in "default" if the party "[f]ails to be present for a trial." Iowa R. Civ. P. 1.971(3). The presence requirement was examined in *Jack v. P & A Farms, Ltd.*, 822 N.W.2d 511 (Iowa 2012). After canvassing precedent, including a termination-of-parental-rights opinion, the supreme court declined to "interpret rule 1.971(3) to permit the entry of a default judgment against a party who fails to appear personally for trial when the party's attorney is present and able to proceed in the party's absence." *Jack*, 822 N.W.2d at 518–19. The court held, "when a party *and* the party's representative fail to appear for trial, the decision to grant or deny a motion for default judgment under rule 1.971(3) rests within the sound discretion of the trial court." *Id.* at 519; *see also In re Marriage of Haidar*, No. 17-1410, 2018 WL 4923016, at *2 (Iowa Ct. App. Oct. 10, 2018) (following the holding of *Jack*); *Mott v. State*, No. 12-1293, 2013 WL 5962908, at *1 (Iowa Ct. App. Nov. 6, 2013) (same); *cf. City of Ottumwa v. Claybaugh*, No. 19-0129, 2020 WL 2987975, at *4 (Iowa Ct. App. June 3, 2020) (distinguishing *Jack* on the ground that the client's presence was "reasonably necessary").

The presence of the father's attorney at the termination hearing and his advocacy on behalf of his client precluded a finding that the father was in default under rule 1.971(3). Because there was no default, the district court did not abuse its discretion in denying the father's motion to set aside the default.

Our opinion could end here.  But assuming the father's non-appearance at the termination hearing was a "default" within the meaning of rule 1.971(3) and assuming the "excusable neglect" basis for setting aside a default under rule 1.977 applied, the father failed to establish excusable neglect.  While he testified to having his phone shut off on the day of the termination hearing, he acknowledged he could have borrowed a phone to notify his attorney or he could have had someone inform his attorney of the circumstances.  Because he failed to establish excusable neglect, the district court did not abuse its discretion in denying the father's motion to set aside the "default" judgment.

**AFFIRMED.**