**STATE of Iowa, Plaintiff,**

v.

**The Honorable Rodney RYAN, Judge, Fifth Judicial District, Defendant.**

**No. 83–1308.**

Supreme Court of Iowa.

July 18, 1984.

quent action by the trial court was not related to Whitney's role as a witness in the pending criminal prosecution, but instead dealt with a change in custody.

In the disputed order, defendant judge indicated that the court had been advised the Department of Corrections was making arrangements to transfer Whitney out of state and ordered Whitney held at the residential facility until his transfer was finalized. Since this facility is not under the control of the Department of Corrections, the action of the trial court effectively removed Whitney from the Department's jurisdiction. The court also stated that "[its] order shall remain in full force and effect until further order from the undersigned only."

The State responded immediately by filing a writ of certiorari in this court on the same day Judge Ryan's order was entered. We stayed the order and ultimately granted certiorari. The only records certified to this court were those in the pending criminal prosecution. Since the State has certified that no transcript concerning the second order exists and neither party prepared a statement of evidence or the proceedings, Iowa R.App.P. 10(c), our review of Judge Ryan's actions is necessarily confined to an examination of the two orders.

The gravamen of the State's complaint is aimed at defendant judge's subject matter jurisdiction. Jurisdiction of the subject matter is the power to hear and determine matters of the general class of cases to which a particular proceeding belongs. *Kelly v. Nix,* 329 N.W.2d 287, 290 (Iowa 1983). Want of subject matter jurisdiction may be raised at any stage of the proceedings. *Walles v. International Bros. of Electrical Workers,* 252 N.W.2d 701, 710 (Iowa), *cert. denied, Walles v. Bechtel Corp.,* 434 U.S. 856, 98 S.Ct. 175, 54 L.Ed.2d 127 (1977). Jurisdiction is a statutory matter and cannot be conferred by consent, waiver or estoppel. *Id.*

Our statutes make clear provisions on the authority to determine the place of confinement and to effect the release of

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for plaintiff.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and WOLLE, JJ.

SCHULTZ, Justice.

In this original certiorari action the State challenges the district court's authority to effect a change in the confinement of a prisoner from a facility under the jurisdiction of the director of the Division of Adult Corrections to one outside of the director's control. We hold the district court is without power to order this kind of change except in situations specifically authorized by statute or mandated by the constitution.

On September 2, 1983, defendant district court judge Rodney Ryan ordered Jack Whitney, an inmate of the men's reformatory in Anamosa, to be transported to the Fort Des Moines Men's Residential Facility so he would be available as a witness in a Polk County criminal case. The State does not challenge this action by the trial court but does attack a second order entered by Judge Ryan on October 18. The subse-

inmates sentenced to prison under a felony statute. In imposing sentence of confinement for more than one year, a sentencing court must commit the defendant to the custody of the director of the Division of Adult Corrections. Iowa Code § 901.7. Unless the sentencing judge reconsiders a felon's sentence within the period allotted by statute, an incarcerated individual remains under the custody of the director until released by order of the Board of Parole. Iowa Code § 902.6. Although a trial court may order a person confined in a penitentiary to be produced for oral examination in a criminal case, Iowa Code § 622.82, and provision is made for the detention of such a person in the county jail, Iowa Code § 356.1(2), the director of adult corrections is given statutory authority to determine the appropriate place of confinement for prisoners and the power to transfer a prisoner from one institution to another, Iowa Code § 902.5. *See also Deering v. Nix,* 326 N.W.2d 267, 268 (Iowa 1982). We find no statutory authority that allows the district court to share in the determination of placement or transfer of individuals committed to the Department's custody. This is not to say that these issues may not reach the court by way of judicial review of·agency action or some type of postconviction proceeding; however, it is clear that situation is not before us in this case.

■■■ In this case the court indicated that it was advised the Department of Corrections was about to transfer custody of Whitney. out of the state of Iowa. The court then ordered Whitney be held at a residential facility until the transfer took place. The district court did not have any statutory or other power to make this kind of decision. Despite personal beliefs or good intentions, the district court is bound to act only under its statutory authority. *See State v. Ohnmacht,* 342 N.W.2d 838, 842–43 (Iowa 1983). Since the legislature has placed decisions concerning the placement and confinement of persons committed to the custody of the director of adult corrections with the executive branch,

Judge Ryan's order is void. The writ of certiorari must be sustained.

WRIT SUSTAINED.