**Christopher Orval MYERS, Jr., Appellant,**

v.

**Bob EMKE, Field Supervisor; Bob Tullis, Parole Officer; State of Iowa, Board of Parole, Appellees.**

No. 90–1237.

Supreme Court of Iowa.

Oct. 16, 1991.

James Q. Blomgren of Pothoven, Blomgren & Stravers, Oskaloosa, for appellant.

Bonnie J. Campbell, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Layne M. Lindebak, Asst. Atty. Gen., for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO and SNELL, JJ.

SCHULTZ, Justice.

Plaintiff Christopher Myers, Jr., is an inmate at the Iowa State Penitentiary. On July 25, 1989, plaintiff filed a pro se petition in district court against defendants, the State of Iowa, various state employees, and the Iowa Board of Parole. He seeks civil relief pursuant to 42 U.S.C. section 1983 for various alleged wrongs relating to the revocation of his parole. Trial was scheduled for July 23, 1990. On July 12, plaintiff, through court-appointed counsel, filed a motion requesting an order allowing plaintiff to be transported from prison to Wapello County for the civil trial. Following a hearing on July 19, 1990, the district court denied plaintiff's motion. We granted plaintiff's application for an interlocutory appeal from this ruling. We affirm.

On appeal, plaintiff claims that the district court had discretionary authority to require the presence of a prison inmate at his own trial. In its ruling, the district court stated that it considered Iowa Code section 622.82 and *State v. Ryan*, 351 N.W.2d 186 (Iowa 1984), but gave no reason for denying plaintiff's motion. Defendants offer support for the district court's ruling by maintaining that the district court had no authority to order the production of a prisoner in a civil case.

Plaintiff cites no statutory provision that provides the district court with authority to order a warden to escort an inmate to another county to appear at a civil trial. Iowa Code section 622.82 allows the production of a prisoner "for oral examination in the county where the person is imprisoned, and in a criminal case in any county in the state; but in all other cases the person's examination must be by a deposition." In this case, plaintiff is an inmate in Lee County and the civil action is to be tried in Wapello County. The statute not only negates the warden's duty to produce plaintiff as a witness at his civil trial, but also prescribes that plaintiff's testimony be taken in the form of a deposition. However, section 622.82 refers to an inmate's capacity only as a witness and not as a party to an action.

Plaintiff urges that the court has inherent authority to require the presence of an inmate at the trial of his case. He claims that such powers are necessary for the judicial branch of government to carry out its mandate to adjudicate disputes.

██ A court acting within its jurisdiction has inherent authority to do that which is reasonably necessary for the administration of justice in the case before it. *Schwennen v. Abell*, 471 N.W.2d 880, 884 (Iowa 1991). However, utilization of this inherent authority must be essential to the existence of the court and necessary to the orderly and efficient exercise of the court's jurisdiction. 20 Am.Jur.2d *Courts* § 78, at 440 (1965); 21 C.J.S. *Courts* § 14, at 21 (1990). Indeed, this court discussed the court's inherent power to require the presence of an inmate for trial on pending criminal indictments. *Hottle v. District Court for Clinton County*, 233 Iowa 904, 911–12, 11 N.W.2d 30, 34 (1943). However, we believe that the doctrine of inherent authority is not applicable to production of an inmate in a civil case.

██ Here, plaintiff is represented by counsel and can supply his testimony by deposition. An inmate has no constitutional right to be produced as a witness in his own civil rights action. *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir.1976). We con-

clude that plaintiff's civil action does not present any problems that would prevent the trial court from adequately functioning and dispensing justice in plaintiff's absence. Since we determine that requiring plaintiff's presence is not reasonably necessary, the court lacks inherent power to order his presence.

Plaintiff also claims that the district court has discretionary authority to issue a writ of habeas corpus ad testificandum. Plaintiff emphasizes that the Supreme Court has determined that a federal court may order an inmate to be brought before it pursuant to a federal statute. *Price v. Johnston*, 334 U.S. 266, 278–79, 68 S.Ct. 1049, 1056–57, 92 L.Ed. 1356, 1366 (1948). The power of a federal court to produce an inmate is exercisable only under the sound discretion of the court after weighing the interest of the plaintiff-inmate in presenting his testimony in person against the state's interest in maintaining confinement of the inmate. *Stone*, 546 F.2d at 735. Plaintiff contends that our district courts should exercise the same discretionary powers as the federal courts. We have no statute that provides this power to our district courts, however.

Our review of the case law reveals that other jurisdictions are split on this issue. Plaintiff also urges that other jurisdictions recognize that its courts possess discretionary authority to determine whether an inmate may appear personally in a civil trial. Some courts allow trial courts discretion in such matters. *See Strube v. Strube*, 158 Ariz. 602, 605, 764 P.2d 731, 734 (1988); *In re Marriage of Burnside*, 777 S.W.2d 660, 664 (Mo.Ct.App.1989); *In re F.H.*, 283 N.W.2d 202, 209 (N.D.1979); *see also* Annotation, *State Prisoner's Right to Personally Appear at Civil Trial to Which He Is a Party—State Court Cases*, 82 A.L.R.4th 1063, 1068–73 (1990) [hereinafter Annotation]. Other courts have taken the position that an inmate does not have a right to appear personally in a civil trial to which he is a party. *See Clements v. Moncrief*, 549 So.2d 479, 481 (Ala.1989); *Caynor v. Caynor*, 213 Neb. 143, 144–45, 327 N.W.2d 633, 635 (1982); *State v. Sloper*, 209 Or. 346,

347–48, 306 P.2d 418, 418–19 (1957); *see also* Annotation, at 1073–74.

In the absence of statutory authority, we conclude that the better rule is that trial courts lack authority to order the removal of an inmate from his place of confinement in order that he may appear and testify in his own behalf in a civil suit unrelated to his confinement. Due to the imposition of a criminal sanction, an inmate's custody is under the control of the executive department. *Ryan*, 351 N.W.2d at 188. In absence of a violation of plaintiff's constitutional rights or a disruption of the court's ability to administer justice, we conclude that the court is without power to invade the executive department's control. *See id.* Therefore, we affirm the trial court's denial of plaintiff's motion.

AFFIRMED.