Willie RIVERS, Appellant,

v.

STATE of Iowa, Appellee.

No. 99–792.

Supreme Court of Iowa.

July 17, 2000.

Carol Walker, Davenport, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Mike E. Wolf, County Attorney, and Bruce A. Ingham and Gary P. Strausser, Assistant County Attorneys, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, and SNELL, JJ., and ANDREASEN, S.J.*

PER CURIAM.

Postconviction applicant, Willie Rivers, appeals from the summary disposition of his second application for postconviction relief. Rivers contends the district court erred in granting the State's motion for summary judgment, and violated his right to due process by not affording him a hearing on the merits of his application. We affirm.

Rivers was convicted by a jury of robbery in the second degree in violation of Iowa Code sections 711.1 and 711.2 (1993). He was then sentenced to an indeterminate ten-year prison term. Rivers' appeal was dismissed as frivolous pursuant to Iowa Rule of Appellate Procedure 104. Rivers resisted the dismissal.

Rivers subsequently filed an application for postconviction relief asserting, among other things, his trial counsel was ineffective. The trial court found that Rivers' trial attorney met the standards of effective assistance of counsel and none of the complaints raised by Rivers would have affected the outcome of the trial. It does not appear Rivers appealed the denial of his first application for postconviction relief.

On July 22, 1998, Rivers filed a motion for appointment of counsel for a successive postconviction relief proceeding. The State moved to dismiss the action on the basis that all grounds for relief should have been raised in the first postconviction relief action. Rivers, through his attorney, filed an application for postconviction relief

on January 7, 1999. On that same date, Rivers filed a verification affidavit wherein he stated his first postconviction attorney failed to communicate with him regarding the issues he wanted presented to the court and that this failure to communicate prevented the attorney from effectively representing him during the original postconviction action. During the hearing on the motion to dismiss, it was agreed the motion would be deemed a motion for summary judgment and Rivers was allowed to supplement his resistance to the State's motion. Rivers filed a pro se amended and supplemental argument on February 4, 1999.

The court granted the summary judgment motion. The court ruled that Rivers failed to establish sufficient reason for not raising the present grounds for relief in the earlier postconviction proceeding. In addition, the district court found that several of the grounds raised in this postconviction action had been considered and rejected by the trial court in its ruling on the first application for postconviction relief.

Generally, when the State seeks to avoid a full trial on the merits by a motion for summary judgment, the State bears the burden to establish the absence of material factual issues. However,

> where the claim of ineffective assistance of counsel is not the basis for relief from conviction but rather a proffered excuse for not having raised a particular claim for relief, the applicant bears the initial burden to satisfy the requirements of section 822.8. If the State files a motion for summary judgment calling upon the applicant to disclose its proof on the section 822.8 requirement, it becomes necessary to provide specific facts rather than mere legal conclusions.

*Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995). Rivers was required to show the grounds raised in this postconviction action were not raised in his prior application

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

because his first postconviction counsel acted below the range of normal competency. *Id.* Rivers must "state the specific ways in which counsel's performance was inadequate and how competent representation would have changed the outcome." *Bugley v. State,* 596 N.W.2d 893, 898 (Iowa 1999).

■ Rivers' claim pertaining to the use of an involuntary statement at the original trial, and four of his five allegations of ineffective assistance of trial counsel were raised and addressed in the original postconviction hearing. Therefore, they may not be asserted in this postconviction application. *Id.* at 897. Rivers contended his first postconviction counsel failed to communicate with him prior to the original postconviction hearing. Yet he failed to state how competent representation would have changed the outcome. *Id.* at 898; *see also Summage v. State,* 579 N.W.2d 821, 822–23 (Iowa 1998); *Arnold,*

540 N.W.2d at 246; *Dunbar v. State,* 515 N.W.2d 12, 15 (Iowa 1994).

■ Rivers' contention that he was denied due process when he was denied a hearing on the merits of his application for postconviction relief is without merit. Prior to ruling on a motion for summary judgment, the court must set the motion for hearing and give Rivers the opportunity to resist the motion. Iowa Code § 822.6 (1997); *see also Poulin v. State,* 525 N.W.2d 815, 816 (Iowa 1994). This procedure was followed by the district court. We therefore affirm the summary dismissal of Rivers' application.

**AFFIRMED.**