# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2071

_____

Tony Dion James Beach Armstrong,  *
             *
  Petitioner - Appellant,   *
             *  Appeal from the United States
  v.            *  District Court for the
             *  Southern District of Iowa.
State of Iowa,       *
             *
  Respondent - Appellee.   *

_____

Submitted: February 14, 2005
Filed: August 17, 2005

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

Tony Armstrong was convicted by an Iowa court of second-degree sexual abuse and sentenced to twenty-five years in prison. The Supreme Court of Iowa dismissed his direct appeal as frivolous, and the trial court denied his application for state post-conviction relief. Armstrong then filed this pro se petition for federal habeas corpus relief. The district court[1] dismissed the petition with prejudice, concluding that Armstrong's claims are procedurally defaulted because he did not

_____

[1] The HONORABLE JAMES E. GRITZNER, United States District Judge for the Southern District of Iowa.

appeal the denial of post-conviction relief to the Supreme Court of Iowa and he failed to show adequate "cause" to excuse the default. Armstrong appeals. We affirm.

Federal habeas relief is available to a petitioner after he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust an available state post-conviction remedy, the petitioner must "use the State's established appellate review procedures." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, Armstrong's failure to appeal the denial of state post-conviction relief to the Supreme Court of Iowa was a failure to exhaust the claims that were raised or that should have been raised in the state court petition.

When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the "stay and abeyance" procedure described in Rhines v. Weber, 125 S. Ct. 1528 (2005). However, if no state court remedy is available for the unexhausted claim -- that is, if resort to the state courts would be futile -- then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default" (or actual innocence, which is not an issue in this case). Gray v. Netherland, 518 U.S. 152, 162 (1996); see Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).

1. Armstrong argues that the district court erred in dismissing his federal habeas claims with prejudice, thereby precluding him from returning to state court to exhaust the claims. This issue turns on whether Armstrong has a non-futile state court remedy for his unexhausted claims. The time to appeal the Iowa trial court's denial of his post-conviction petition has long passed. See Iowa R. App. P. 6.5(1), 6.20(2). The Supreme Court of Iowa does not permit a delayed appeal from the

denial of post-conviction relief unless "a valid due process argument might be advanced should the right of appeal be denied." Swanson v. State, 406 N.W.2d 792, 793 (Iowa 1987). Armstrong has raised no due process issue in this case.

Another possible state court remedy would be a successive petition for post-conviction relief. But under Iowa law, successive petitions are severely limited:

> All grounds for [post-conviction] relief available to an applicant under this chapter must be raised in the applicant's original . . . application. Any ground finally adjudicated or not raised . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original . . . application.

Iowa Code § 822.8. Iowa recognizes a statutory right to effective assistance of post-conviction counsel, see Iowa Code § 822.5, and ineffective assistance of post-conviction counsel can provide "sufficient reason" for not raising or inadequately raising an issue in the prior proceeding. Sims v. State, 295 N.W.2d 420, 422-23 (Iowa 1980). However, a successive petition is barred unless petitioner can "state the specific ways in which counsel's performance was inadequate and how competent representation would have changed the outcome." Rivers v. State, 615 N.W.2d 688, 690 (Iowa 2000), quoting Bugley v. State, 596 N.W.2d 893, 898 (Iowa 1999); see also Dunbar v. State, 515 N.W.2d 12, 14-15 (Iowa 1994). Armstrong alleges that post-conviction counsel's failure to appeal was ineffective assistance. But he makes no showing that an appeal would have changed the outcome of the claims finally adjudicated by the state trial court, and no showing of sufficient reason why the new grounds asserted in his federal petition were not raised in state court.

Because both a belated appeal and a successive petition are procedurally barred under Iowa law, Armstrong has no available non-futile state court remedy. Iowa's rule against untimely appeals and its limitations on successive petitions are adequate

and independent state-law grounds preventing federal habeas review unless Armstrong can show cause and prejudice for his default. See Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996). Absent such a showing, the district court properly dismissed his federal claims *with* prejudice.

2. Armstrong argues that the ineffective assistance of his state post-conviction counsel in failing to appeal to the Supreme Court of Iowa violated his Sixth and Fourteenth Amendment rights and therefore was cause excusing his procedural default in state court. "[A]ttorney error that results in a procedural default" is not cause unless the attorney's performance was constitutionally deficient. Murray v. Carrier, 477 U.S. 478, 488 (1986). We have consistently construed Coleman v. Thompson, 501 U.S. at 752-54, as confirming that there is no Sixth Amendment right to the effective assistance of post-conviction counsel. See, e.g., Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Armstrong urges us to reconsider these decisions, but as a panel of the Court we may not do so.

Alternatively, Armstrong argues that the district court erred in failing to grant a hearing on whether there was cause and prejudice excusing his procedural default in state court. However, the only cause asserted was counsel's ineffective assistance in failing to appeal the denial of state post-conviction relief. As there is no Sixth Amendment right to effective assistance of post-conviction counsel, the cause alleged by Armstrong was insufficient as a matter of law and therefore properly denied without a hearing.

The judgment of the district court is affirmed.

_____