# IN THE COURT OF APPEALS OF IOWA

No. 3-1232 / 11-0694
Filed February 5, 2014

**KEVIN BAXTER,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Thomas N. Bower, Judge.


Applicant appeals the district court's decision denying his application for postconviction relief from his convictions for manufacturing methamphetamine and receipt of precursor drugs for an unlawful purpose. **AFFIRMED.**


Carla S. Pearson of Pearson Law, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and James Katcher, Assistant County Attorney, for appellee State.


Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*  Bower, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Kevin Baxter appeals, claiming he received ineffective assistance from postconviction counsel. Baxter contends postconviction counsel should have called more witnesses to testify at the hearing, done more to refresh the memory of his trial counsel, and investigated the case more fully. He does not assert what additional information could have been presented if these actions were taken. We conclude Baxter has not shown he received ineffective assistance from postconviction counsel. We affirm the decision of the district court.

### I. Background Facts and Proceedings

Kevin Baxter was charged with conspiracy to manufacture methamphetamine, manufacturing methamphetamine, possession of pseudoephedrine, and receipt of precursor drugs for an unlawful purpose. A jury found him guilty on all charges. At sentencing, the district court merged the conspiracy charge with the manufacturing charge and merged the possession charge with the receipt of precursors charge. Baxter was sentenced on his convictions for manufacturing methamphetamine, in violation of Iowa Code section 124.401(1)(b)(7) (1999), and receipt of precursor drugs, in violation of section 124B.9, to terms of imprisonment not to exceed thirty years and ten years, respectively, to be served concurrently.[1]

Baxter's convictions were affirmed on appeal. *State v. Baxter*, No. 00-0407, 2002 WL 570663 (Iowa Ct. App. Feb. 20, 2002). Procedendo was issued on May 30, 2002.

---

[1] On the charge of manufacturing methamphetamine, Baxter was sentenced pursuant to section 124.411 to three times the term of imprisonment otherwise authorized because this conviction was a second or subsequent offense.

Baxter filed an application for postconviction relief on July 25, 2002. He claimed his trial counsel was ineffective for failing to: (1) file a motion to dismiss based upon violation of defendant's speedy trial rights; (2) request the dismissal of a juror who fell asleep during the trial; (3) adequately consult with defendant; and (4) adequately investigate the case. He claimed he received ineffective assistance of appellate counsel on the following grounds: (1) failure to raise the speedy trial issue; (2) failure to raise an issue regarding whether defendant was prejudiced because the jury heard evidence on both the conspiracy and manufacturing charges, which were later merged; (3) failure to raise the issue of prosecutorial misconduct; (4) failure to raise an issue concerning the sleeping juror; and (5) failure to allege ineffective assistance of trial counsel due to inadequate investigation of the case.

For reasons not readily apparent from the record, the case languished in the court system until a postconviction hearing was held on January 31, 2011.[2] Baxter testified at the hearing, as did his trial counsel. Baxter's trial counsel testified he did not remember much in the way of specifics about Baxter's case. The district court denied Baxter's application for postconviction relief, finding he had not shown he received ineffective assistance from trial or appellate counsel. Baxter now appeals.

---

[2] Baxter's first postconviction counsel had a conflict and new counsel was appointed on March 19, 2004. The case was dismissed pursuant to Iowa Rule of Civil Procedure 1.944 on January 1, 2005, but was later reinstated. The case was set for hearing several times, but counsel for one party or the other would ask for a continuance, and these requests were granted by the court until the matter had dragged on for more than eight years.

## II.  Standard of Review

We review claims of ineffective assistance of counsel de novo.  *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).  To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial.  *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).  "In determining whether an attorney failed in performance of an essential duty, we avoid second-guessing reasonable trial strategy."  *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010).  In order to show prejudice, an applicant must show that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *State v. Madsen*, 813 N.W.2d 714, 727 (Iowa 2012).  An applicant has the burden to show by a preponderance of the evidence that counsel was ineffective.  *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.  Merits

On appeal, Baxter contends he received ineffective assistance from postconviction counsel.  He asserts postconviction counsel should have sought testimony from his appellate counsel and an attorney who assisted his trial counsel.  He also asserts that postconviction counsel should have done more to refresh the memory of his trial counsel.  Baxter additionally asserts postconviction counsel did not do enough to investigate the case.  He claims he was prejudiced by the performance of his postconviction counsel and should receive a new postconviction hearing.

Baxter is required to state the specific ways in which postconviction counsel's performance was inadequate.  *Rivers v. State*, 615 N.W.2d 688, 690

(Iowa 2000). He must also state how competent representation would have changed the outcome of the postconviction proceeding. *Id.* "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

While Baxter contends postconviction counsel should have called more witnesses to testify at the hearing, done more to refresh the memory of his trial counsel, and investigated the case more fully, he does not assert what additional information could have been presented if these actions were taken. Baxter does not suggest what information would have been revealed by calling other witnesses or conducting additional investigation, or how this information would have supported his application for postconviction relief. *See id.* Furthermore, he does not state how this additional information would have changed the result of the postconviction proceedings. *See id.*

We conclude Baxter has not shown he received ineffective assistance from postconviction counsel—he has not shown counsel failed to perform an essential duty or that he was prejudiced by counsel's performance. We note Baxter's appellate brief does not address the merits of his underlying claims of ineffective assistance from trial and appellate counsel. Therefore, we do not address these issues in our opinion.

We affirm the decision of the district court denying Baxter's application for postconviction relief.

**AFFIRMED.**