# IN THE COURT OF APPEALS OF IOWA

No. 13-1597
Filed September 17, 2014

**RAY GENE TRIPLETT,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Bobbi M. Alpers, Judge.

Ray Triplett appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Michael J. Walton, County Attorney, and Melisa K. Zaehringer, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

Ray Triplett appeals from the district court's denial of his application for postconviction relief. He asserts the court erred in summarily granting the State's motion to dismiss because the application presented genuine issues of material fact. He further claims postconviction counsel was ineffective for failing to amend his pro se application, for conceding issues raised by the State, and for not visiting him in prison to discuss his case. Triplett also argues trial counsel was ineffective for failing to move to exclude his crack cocaine use and for various statements made during the trial. We conclude the district court properly granted the State's motion to dismiss, given there are no genuine issues of material fact regarding any of Triplett's claims. We further conclude postconviction counsel was not ineffective, and because Triplett's claims of ineffective assistance of trial counsel were not raised before this appeal, they are waived. We therefore affirm the district court's dismissal of his application.

## I. Factual and Procedural Background

On August 9, 2011, a jury found Triplett guilty of sexual abuse in the first degree and assault causing serious injury, in violation of Iowa Code sections 708.2(4) and 709.2 (2011). The convictions stemmed from Triplett's actions in the early morning of March 3, 2011. As our court noted when affirming his convictions, the following events occurred:

> [O]n March 2, 2011, [the victim] drove Ray Triplett and Charles Schwartz around Davenport—helping Schwartz shop for a vehicle. The trio spent the rest of the day and much of the night at Triplett's house drinking beer and using crack cocaine. Triplett drove Schwartz home around 11:00 p.m. and returned to [the victim's] company. Because [the victim] felt too intoxicated to drive,

she stayed the night at Triplett's residence, sleeping in his bed while he slept in a chair.

At 6:00 a.m. the next morning, [the victim] awoke to Triplett's arm around her. She declined his request to have sex and started to leave. Triplett stopped her by placing a knife to her throat. He then told her he was "just kidding" and she responded he "wasn't very funny." When [the victim] again tried to leave the house, Triplett grabbed her and pulled her back. [The victim] testified:

"He told me that he was going to kill me and that he was going to throw my body in the river. And he began to unbutton his belt and his pants and pull his pants down, and unbutton my pants and pull my pants down.

. . . .

He told me to stop fighting him off or he was going to hit me in the head with a rubber mallet that he had."

As [the victim] continued to struggle during the sexual assault, Triplett struck her in the head with a mallet. [The victim's] wound began to bleed profusely. Triplett tried to staunch the flow by pressing a blanket against her forehead. After Triplett ended his assault, [the victim] fled on foot to the home of her friend Kimberly Cummins. [The victim] left a trail of blood through Triplett's bedroom.

At around 7:00 a.m., Cummins opened the door to find [the victim], "crying and bloody and scared." Cummins recalled blood on [the victim's] hands and clothes, and "her hair was matted with it." Cummins drove her friend to the emergency room. En route, they drove past Triplett's house to record the address for the police.

An examination at the hospital revealed [the victim] sustained bruising and abrasions to much of her body. Her face was very swollen, and her lips and teeth were tender, which she attributed to Triplett "smothering [her] with a blanket." Her most notable injury was a puncture wound and significant swelling to her forehead caused by the mallet's impact. The medical staff sutured the wound on her forehead. During her eight hours at the hospital, [the victim] received x-rays and a CT scan of her head. She also underwent a sex assault examination. A vaginal swab and semen found on the victim's underwear both contained Triplett's DNA.

*State v. Triplett*, No. 2-738/11-1528, 12 WL 4900468, at *1 (Iowa Ct. App. Oct. 17, 2012).

On June 11, 2013, Triplett filed a pro se application for postconviction relief, alleging: (1) the victim had consented to the sex act and he did not cause her injury; (2) counsel was ineffective for not allowing him to confront the victim;

and (3) he had not received a fair trial because "the panel" of jurors had been sexually abused and knew police officers. He also requested counsel to represent him, which was effected on June 21. The State filed a motion to dismiss on July 5. Triplett's attorney was given authority to check out the court file and allowed travel time and expense to visit Triplett in the penitentiary by order filed July 13. Triplett's attorney filed a response to the State's motion to dismiss, which was dated August 23, and indicated a copy had been hand delivered to Triplett. An unreported hearing was held on August 23. On September 20, 2013, the district court granted the State's motion to dismiss. Triplett appeals.

## II. Standard of Review

We review rulings on postconviction relief proceedings for correction of errors at law. *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002). With respect to ineffective-assistance-of-counsel claims, we review those de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.*

## III. District Court's Order

Triplett first asserts the district court erred in granting the State's motion to dismiss. He claims there was a genuine issue of material fact regarding the consensual nature of the sex act, his ineffective-assistance-of-counsel claim with respect to an opportunity to confront the victim, and his claim he was denied a fair trial because of the jury selection procedure. Consequently, he asserts, the

district court erred by summarily dismissing his application without allowing him to develop an adequate record.

Pursuant to Iowa Code section 822.6 (2013), "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law," the district court may grant a motion for summary disposition.[1] Additionally, Iowa Code section 822.4 requires the postconviction relief applicant to specifically set forth the grounds upon which the application is based in the application itself, which Triplett failed to do. Triplett was also given an opportunity to expand the record in both his reply to the State's motion and during the hearing that was held, which he also failed to do. Given the statutory requirements and the proceedings that took place, the court used the proper procedure when dismissing Triplett's application, and therefore did not err by not allowing Triplett to "find and introduce additional specific grounds."

The district court also properly dismissed the claims on the merits. Because our court denied Triplett's sufficiency-of-the-evidence challenge on appealand upheld his conviction, Triplett's claim the victim consented to the sex act is barred by res judicata. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) (holding the decision on direct appeal is binding on the postconviction court); *Triplett*, 12 WL 4900468, at *3.

---

[1] While the State labeled its motion as a motion to dismiss, it is clear from the substance of the motion the State was requesting summary dismissal.

Furthermore, Triplett has failed to set forth any facts upon which postconviction relief could be granted with respect to his other claims. He was clearly granted the opportunity to confront the victim through cross examination, and therefore his Sixth Amendment rights were satisfied. Additionally, all jurors went through voir dire, and it was evident from the record each selected juror could be impartial and fair, regardless of their own history or knowing someone who had been sexually abused, or knowing police officers not involved in the case.[2] As the post-conviction court found:

> The Iowa Court of Appeals upheld Mr. Triplett's conviction, finding that the evidence was sufficient to support a finding of serious injury. In addition, there is sufficient evidence on the record to support the jury's finding that Mr. Triplett's victim did not consent. Mr. Triplett's victim testified and was cross examined at trial and Mr. Triplett exercised his constitutional right against self-incrimination on the record. Further, only two of the jurors chosen in Mr. Triplett's trial knew police officers and only three knew someone who had been sexually abused. All of these jurors indicated during voir dire that their respective experiences would not affect their decision in Mr. Triplett's case.

The record supports the court's conclusions.[3] Consequently, Triplett has failed to set forth any facts upon which relief could be granted, and his claims in this regard are without merit.

## IV. Ineffective Assistance of Postconviction Counsel

Triplett next claims postconviction counsel was ineffective because counsel failed to amend or substitute his pro se application. He also argues

---

[2] There was only one juror who expressed some hesitation about her ability to be impartial due to her history of sexual abuse. However, when asked if she could separate her experience from that of the case being presented, she assured counsel she would not be prejudiced against Triplett due to her own attack.

[3] Though the court stated the number of jurors who had experience with sexual assault was three—when it was in fact five—this misstated number is not material to the court's decision, given that all five jurors expressed their ability to be impartial.

counsel was ineffective for failing to visit him in prison and for failing to ensure Triplett was available for the hearing on the State's motion to dismiss. Finally, he asserts counsel breached an essential duty by conceding certain issues during the hearing, which he frames as a failure to preserve his application and to enlarge or amend the court's findings.

None of these arguments serve to prevent any of Triplett's three claims from being summarily disposed. As noted above, Triplett's claims set forth in his application failed on the merits, and his argument on appeal does not contend how postconviction counsel could have changed this result.[4] Therefore, postconviction counsel was not ineffective for failing to amend the original petition. Furthermore, Triplett has failed to set forth any facts showing he was prejudiced by counsel's failure to visit him in prison or ensure he was available for the hearing, given he has no constitutional right to be present at a postconviction relief hearing. *See Myers v. Emke*, 476 N.W.2d 84, 85 (Iowa 1991) (noting there is no constitutional provision establishing that a prisoner has the right to attend a civil proceeding). Nor did Triplett show counsel breached an essential duty when conceding the State's recitation of the issues in the case, given the facts and given the fact that the State's arguments were clearly supported by the underlying record. Therefore, any objection made by postconviction counsel would have been without merit. *See State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (noting counsel has no duty to pursue a meritless objection). Consequently, Triplett has failed to meet his burden of showing relief

---

[4] Although in the next section Triplett asserts trial counsel was ineffective, he does not assert postconviction counsel was ineffective for failing to raise additional claims.

should be granted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (stating it is the defendant's burden to show both prongs by a preponderance of the evidence).

**V. Ineffective Assistance of Trial Counsel**

Triplett's final argument asserts that trial counsel was ineffective because counsel: (1) failed to file a motion to exclude evidence of Triplett's use of crack cocaine; (2) failed to move to exclude statements regarding Triplett's prior acts of non-consensual sex; (3) made prejudicial statements during closing arguments; (4) failed to exclude testimony that Triplett raped the victim; and (5) made prejudicial statements regarding the consumption of alcohol.

The claims Triplett now asserts were not raised in either his direct appeal or in his application for postconviction relief, nor were they ruled on by the district court. Unless the defendant can show sufficient reasons for failing to raise these claims earlier, they are waived. *Nguyen v. State*, 707 N.W.2d 317, 323 (Iowa 2005). Alternatively, the defendant can allege postconviction counsel was ineffective for failing to raise these claims, and set forth specific ways the defendant was prejudiced by this failure. *Rivers v. State*, 615 N.W.2d 688, 689–90 (Iowa 2000). Triplett has not set forth any reasons why these claims were not presented in a prior proceeding, nor has he alleged postconviction counsel was ineffective for failing to raise these claims below. Consequently, Triplett has waived these claims on appeal, and we decline to address the merits.

Having reviewed Triplett's claims, we affirm the district court's dismissal of his application for postconviction relief.

**AFFIRMED.**