# IN THE COURT OF APPEALS OF IOWA

No. 13-0957
Filed November 26, 2014

**CARL ALLAN PETERSON,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____


Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.


Carl Peterson appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**


Trent A. Henkelvig of Henkelvig Law, Danville, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Amy K. Beavers, Assistant County Attorney, for appellee State.


Considered by Vogel, P.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**VOGEL, P.J.**

Carl Peterson appeals from the district court's denial of his application for postconviction relief, asserting trial and postconviction counsel were ineffective for failing to interview, depose, or present testimony from two potential witnesses. Peterson further claims trial counsel was ineffective for declining to inquire into the victim's past sexual history. We conclude Peterson has failed to carry his burden showing either ineffective-assistance prong with respect to his first claim, given he has no evidence regarding how either witness would have testified. Additionally, trial counsel was not ineffective for failing to introduce evidence of the victim's past sexual history, given that any attempt to elicit such testimony would have violated the rape-shield rule. Consequently, we affirm the district court's denial of Peterson's application for postconviction relief.

Following a jury trial on March 12, 2010, Peterson was convicted of third-degree sexual abuse, in violation of Iowa Code section 709.4(2)(c)(4) (2007). In affirming the underlying conviction, our court summarized the facts of the case:

> At trial, K.C. testified she was intoxicated during a party in December 2007, and Carl Peterson took her to a garden shed and had sexual intercourse with her. At this time K.C. was fifteen and Peterson was twenty-four. K.C.'s boyfriend at the time, David Jameson, testified he went to the garden shed and saw Peterson on top of K.C. Jameson testified he saw K.C.'s jeans and underwear pulled down and saw Peterson's penis. Jameson said he "grabbed [Peterson] off of her."
> . . . .
> Officer Merryman investigated and conducted a videotaped interview with Peterson in September 2009. Peterson stated he saw K .C. at the party, but did not have sexual contact with her and did not leave the party with her. Later in the interview, Peterson changed his story and stated he and K.C. attempted to have consensual sexual intercourse, but they were unsuccessful because he was too drunk. Peterson described other sexual contact with K.C.

. . . .

At trial, Peterson testified he had no sexual contact with K.C. and never left the party with her. Peterson told the jury his videotaped statements discussing sexual contact with K.C. were not truthful. Peterson testified he told the police about sexual contact because Jameson asked him to so Jameson would not get into trouble.

*State v. Peterson*, 10-1118, 2011 WL 2069319, at *1 (Iowa Ct. App. May 25, 2011).

In addition to Peterson, K.C., and David Jameson, Rachel Jameson and Jeremy Espinoza attended the party at which the abuse took place. Neither Rachel nor Jeremy was deposed in either the underlying criminal trial or the postconviction-relief action.

Peterson filed an application for postconviction relief on July 26, 2012.[1] Following a hearing, the district court denied the application. Peterson appeals, asserting trial and postconviction counsel were ineffective for failing to depose Rachel and Jeremy before the trial or the postconviction hearing, and that trial counsel was ineffective for failing to inquire into K.C.'s past sexual history.

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on this claim, the claimant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.* If the claimant's ineffective-assistance claim lacks prejudice, we may decide the claim on that ground alone. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

---

[1] Peterson, in his application, also alleged trial counsel was ineffective for failing to file a motion to suppress incriminating statements he made to law enforcement, failing to object to hearsay statements made by K.C., as well as failing to seek a dismissal of the charge based on the speedy indictment rule. However, he does not pursue these claims on appeal.

Peterson first claims trial and postconviction counsel were ineffective for failing to depose or otherwise elicit testimony from Jeremy or Rachel. However, in his brief, Peterson admits to the fact that there is no way to know what testimony would have been elicited and whether it would or would not have contradicted K.C.'s or David's testimony. With just this speculative assertion these witnesses' testimony should have been obtained, Peterson has failed to carry his burden of proof showing either prong of his ineffective-assistance claim regarding trial and postconviction counsel. *See Rivers v. State*, 615 N.W.2d 688, 690 (Iowa 2000) (noting the applicant bears the burden of showing both prongs by a preponderance of the evidence and that he must also state the specific ways in which either counsel's performance was inadequate or the outcome of the proceeding would have been different). Moreover, beyond the speculative nature of Peterson's claim, given the State's overwhelming evidence against him—including his own admissions—he cannot meet his burden showing the testimony of these witnesses would have changed the outcome of the proceeding. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Consequently, the district court properly denied this claim.

Peterson next argues trial counsel should have inquired into K.C.'s past sexual history, specifically the nature of the relationship between K.C. and David, their age difference, her pregnancy and subsequent abortion, and the fact K.C.

and David were ending their relationship at the time of trial.[2] In his deposition for the postconviction hearing, trial counsel explained he did not question K.C. regarding this topic because he believed the rape-shield rule prevented him from doing so, and he did not want to engage in "slut-shaming."

The rape-shield rule prevents the introduction of reputation or opinion evidence of a victim's past sexual behavior as well as substantially limits the admissibility of past incidents of the victim's sexual behavior. Iowa R. Evid. 5.412(a). "Past sexual behavior" is defined as:

> [A] volitional or non-volitional physical act that the victim has performed for the purpose of the sexual stimulation or gratification of either the victim or another person or an act that is sexual intercourse, deviate sexual intercourse or sexual contact, or an attempt to engage in such an act, between the victim and another person.

*State v. Baker*, 679 N.W.2d 7, 10 (Iowa 2004) (internal citation omitted). "In keeping with the policy behind our rape-shield law, it is imperative that a claim of sexual conduct (or misconduct) by the complaining witness be shown to be false before it is admissible at trial." *State v. Alberts*, 722 N.W.2d 402, 409 (Iowa 2006). Because the evidence of K.C.'s past sexual behavior was not a false accusation by K.C., and no other exception to the rape-shield rule applies, *see* Iowa Rule of Evidence 5.412(b), the trial court would not have admitted this evidence.

---

[2] Peterson alleges: "All of this could have been examined in depositions and through follow up investigation without 'slut shaming' K.C. to anyone except the attorneys and a court reporter who has certainly heard worse over the years." He further claims that this testimony was necessary because:

> The tale of a teenage lover trying to protect the object of one's affection can be traced all the way back to Shakespeare, and rape is the timeless justification for terminating a child's life and one that also protects her boyfriend from the scrutiny of both her family and law enforcement. These are the elements that tie the applicant's story together.

Given this rule and its application to the facts of this case, trial counsel was correct in his assertion that he would have been prevented from pursuing this line of inquiry at trial. Counsel is not required to assert a meritless argument. *State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999). Consequently, trial counsel did not breach an essential duty by failing to inquire into K.C.'s past sexual history, through discovery or otherwise, and the district court properly denied this claim. We therefore affirm the district court's denial of Peterson's application for postconviction relief.

**AFFIRMED.**