# IN THE COURT OF APPEALS OF IOWA

No. 17-1455
Filed December 20, 2017

IN THE INTEREST OF B.A.,
Minor Child,

B.G., Mother,
        Appellant.

_____

Appeal from the Iowa District Court for Butler County, Peter B. Newell, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Mark A. Milder of Mark Milder Law Firm, Waverly, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Elizabeth A. Batey of Vickers Law Office, Greene, guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

B.A. was born in June of 2015, and in August 2017, the juvenile court terminated his parents' parental rights. The mother now appeals the court's ruling, though she does not dispute that grounds for termination of her parental rights were established.[1] *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) ("Because the father does not dispute the existence of the grounds . . . , we do not have to discuss this step."). Rather, she asserts she was denied due process in the case. She also contends she should have been given additional time for reunification or, alternatively, a guardianship should have been established rather than terminating her parental rights. Our review is de novo. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).

The child came to the attention of the Iowa Department of Human Services in August 2015 due to concerns about the mother's drug use and mental health. The mother admitted she had been parenting the child while under the influence of methamphetamine. The mother was on probation from a 2013 conviction for possession of a controlled substance. The mother voluntarily agreed to place the child in the care of her mother, the child's grandmother, and to participate in services. Nevertheless, the mother was arrested in April 2016 for possession of methamphetamine. Thereafter, the child was adjudicated a child in need of assistance (CINA) and formally placed in the grandmother's care, where he has since remained.

---

[1] The father's parental rights are not at issue in this appeal.

The mother was incarcerated after her April 2016 arrest while probation revocation proceedings were pending. She was placed in the Women's Center for Change in June 2016, and she was released with continued supervision in August 2016. However, the mother continued using methamphetamine, and she stopped having interactions with the child altogether in November 2016. After she failed to comply with the conditions of her probation, a warrant was issued for her arrest in late 2016 or early 2017. The mother was not located until March 2017, when she was arrested and placed in jail until she was sent to the Iowa Correctional Institution for Women (ICIW) in Mitchellville in April 2017. The State then filed its petition for termination of her parental rights.

Before the scheduled hearing, the mother requested to be present at the hearing, and she filed a request that the juvenile court enter an order directing that she be transported to the hearing by the Butler County Sheriff. The court entered an order for transport, and the Iowa Department of Corrections (IDOC) subsequently filed a motion asking the court to reconsider its order, arguing the juvenile court lacked authority to order removal of the mother from the ICIW, an inmate under the custody and control of the executive department, i.e. the IDOC, but it offered to make the mother available by phone or video conference, if that was available. Following a hearing, the court denied the IDOC's motion and directed the Butler County Sheriff to transport the mother to the upcoming termination-of-parental-rights hearing. The IDOC appealed the matter to the Iowa Supreme Court, and that court summarily reversed the juvenile court's order, citing Iowa Code section 622.82 (2017) and *Myers v. Emke*, 476 N.W.2d 84, 86 (Iowa 1991).

The termination-of-parental-rights hearing was held August 16, 2017, with the mother's attorney appearing physically on her behalf at the hearing and the mother appearing via speakerphone from the ICIW. The mother testified she had participated in numerous services while incarcerated and was due to be released to the Women's Center in two days. She also testified she anticipated a discharge from supervision on November 27, 2017.

On appeal, the mother asserts her due process rights were violated by the IDOC's refusal to transport her to the termination-of-parental-rights hearing. The State argues that this issue was already litigated to the Iowa Supreme Court and should not be decided again here. In any event, the State argues the Iowa Supreme Court correctly reversed the juvenile court's transportation order. We note, as an intermediate appellate court, we do not possess the power to overturn that court's rulings. *See, e.g.*, *State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). Regardless, this court has long held that if "a parent receives notice of the petition and hearing, is represented by counsel, counsel is present at the termination hearing, and the parent has an opportunity to present testimony by deposition," the parent has not been deprived of fundamental fairness. *In re J.S.*, 470 N.W.2d 48, 52 (Iowa Ct. App. 1991). Here, the mother received notice of the hearing, had the opportunity to litigate the denial of her request for transport, and was present via speakerphone

at the termination-of-parental-rights hearing, where her attorney was physically present and the mother was permitted to read a statement and give testimony. There is no violation here.

Additionally, having reviewed the record de novo, we find no reason to disturb the juvenile court's denials for additional time for reunification and establishing a guardianship. After a termination-of-parental-rights hearing, if the court determines "facts sufficient to sustain the petition have been established," the court can either "order parental rights terminated," or it can "adjudicate the child to be a [CINA] and . . . enter an order in accordance with the provisions of section . . . 232.104." Iowa Code § 232.117(3), (5). Section 232.104(2)(b) allows the parent to be granted an additional six months to work toward reunification if we determine the need for removal will no longer exist at the end of the extension. Section 232.104(2)(d) sets forth other permanency options for the child's placement, including transferring "guardianship and custody of the child to a suitable person" or transferring "custody of the child to a suitable person for the purpose of long-term care." *See id.* § 232.104(2)(d)(1), (3). However, the placements enumerated in paragraph (d) can only be ordered if the court first finds that convincing evidence exists showing termination of the parent-child relationship is not in the child's best interests and that the child could not be returned to the child's home even though "[s]ervices were offered to the child's family to correct the situation which led to the child's removal." *Id.* § 232.104(3)(a)-(c).

Here, the child had been out of the mother's care for over twelve months at the time of the permanency hearing, requiring that the proceedings be viewed with

a sense of urgency. *See id.* § 232.104(1) (setting a twelve-month period); *see also In re* C.B., 611 N.W.2d 489, 495 (Iowa 2000) (discussing urgency in the context of termination proceedings). While we hope the mother is able to remain substance free after her release, her continued use of methamphetamine after her first release from the Women's Center militates against a finding another six months would eliminate the need for the child's removal.

Similarly, giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," *see* Iowa Code § 232.116(2), we conclude termination of the mother's parental rights was in the child's best interests, not the establishment of a guardianship. The mother cites *In re* B.T., 894 N.W.2d 29, 31-35 (Iowa Ct. App. 2017), wherein this court found establishing a guardianship was more appropriate than termination of the parent's parental rights. However, as the State points out, there are vast differences between the facts of both cases. *See id.* In *B.T.*, the child at issue was born in 2006 and had a close relationship with the parent. *Id.* at 31. In this case, the mother has had a minimal relationship with the child during his two years of life. In fact, the mother had only been "out in the community for approximately three to four months during the time that this case has been open," and she did not show substantial compliance with services during that very limited time. Unlike the parent in *B.T.*, who had established successful years of sobriety, the mother here has not demonstrated a period of sobriety, other than when she is incarcerated. *See id.* at 34. In this case, the mother had an opportunity to demonstrate she could put the child's needs before her own, but she did not. Because we find that

convincing evidence exists showing termination of the parent-child relationship is in the child's best interests, a guardianship would not be appropriate.

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**