# IN THE COURT OF APPEALS OF IOWA

No. 18-1846
Filed October 7, 2020

**LASHAWN TERRELL THURMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes,
Judge.

The applicant appeals the district court decision denying his application for
postconviction relief. **AFFIRMED.**

Jill Cirivello (until withdrawal), Davenport, and Joseph C. Glazebrook of
Glazebrook & Moe, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney
General, for appellee State.

Considered by Tabor, P.J., Schumacher, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**DANILSON, Senior Judge.**

Lashawn Thurman appeals the district court decision denying his application for postconviction relief. We find Thurman has not shown he was prejudiced by defense counsel's performance and, therefore, has not shown he received ineffective assistance of counsel. We affirm the decision of the district court.

## I.       Background Facts & Proceedings

On April 19, 2013, officers executed a search warrant at a residence in Davenport and found Thurman and Kristen Murray inside. *State v. Thurman*, No. 13-1672, 2015 WL 405951, at *1 (Iowa Ct. App. Jan. 28, 2015). "Thurman was dressed only in boxer shorts and Murray wore boxer shorts and a top." *Id.* In a bedroom, officers found men's jeans on one side of a mattress and women's jeans on the other side. *Id.* The men's jeans "contained 18.6 grams of crack-cocaine in a clear plastic baggy and $558." *Id.* at *2. The crack cocaine was prepackaged into smaller quantities. *Id.*

Thurman was charged with possession of crack cocaine with intent to deliver, conspiracy to commit a non-forcible felony, and failure to affix a drug-tax stamp. *Id.* A jury found Thurman guilty of the charges. *Id.* We affirmed Thurman's convictions. *Id.* at 5.

On August 10, 2015, Thurman filed an application for postconviction relief (PCR), claiming he received ineffective assistance from defense counsel. He claimed defense counsel did not spend sufficient time meeting with him or investigating the case prior to trial. Thurman was represented by two attorneys from the same law firm—Eric Mail and Eric Puryear. Thurman was charged a flat

fee for their representation. Thurman argued, "Mail spent just 11.3 hours on Thurman's case (in which his client faced a 25-year sentence) before the trial began, and this time also included the beginning of jury selection," and then 31.9 hours defending Thurman at trial. He claimed the result of the trial would have been different if defense counsel had properly prepared for trial.

A hearing on the matter was held on October 19, 2018. There is no billing record for Puryear's meetings with Thurman. Puryear testified he met with Thurman at least twice and corresponded with him. He reviewed the discovery materials, discussed the case extensively with Mail, and assisted creating a trial strategy. Mail filed a motion to sever, filed a motion for discovery, filed a witness list, attended a final pretrial conference, filed and argued a motion in limine, and defended Thurman during the jury trial. Mail also reviewed the discovery materials and discussed the strategy for the case with Puryear. Mail stated he met with Thurman at court "on a number of occasions . . . and then obviously discussed trial strategy and discovery at that point."

The district court denied Thurman's PCR application. The court stated:

Both attorneys testified as to their competency in previous trial experience to take on Mr. Thurman's case. Both attorneys the Court found creditable that they explored every possible defense available to Mr. Thurman. The Court agrees with the State that the facts of the case that the State presented was why Mr. Thurman was convicted not because of any inadequacy in his defense attorneys. The Court disagrees with Mr. Thurman's PCR attorney that depositions were required in this case or that the pretrial time spent with the defendant beforehand was on its face inadequate. Not only does he cite no criminal case law to support that, it's clear to the Court in this case that Mr. Thurman at the trial level had a very competent [and] vigorously legal defense available to him. There is no essential duty that his attorneys at the trial court level did not do. There is no evidence whatsoever on what essential duty they didn't do nor is there any evidence whatsoever that the outcome would have been

any different in this case had a different defense been taken period. Effective assistance of counsel does not mean successful.

Thurman appeals the district court's decision.

## II. Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

## III. Discussion

Thurman claims he received ineffective assistance from defense counsel because a reasonable attorney would have spent more time preparing for trial. In his appellate brief, Thurman claims Mail spent only 3.2 hours in trial preparation time.[1] Thurman contends the amount of time an attorney spends preparing for a trial should be at least equal to, if not more than, the time spent in the trial. On the issue of prejudice, he states, "This goes without saying that if the attorney had properly prepared the case, there may have been a different outcome."

---

[1] On appeal, Thurman asserts Mail spent only 3.2 hours preparing for trial but in the district court he argued it was 11.3 hours. We do not accept either of these times as the complete amount of time spent preparing for Thurman's trial, as it does not take into consideration the time Puryear spent on the case nor the time Mail and Puryear worked together to develop a trial strategy. We note that 3.2 hours is probably not enough time to prepare for a jury trial to defend a class "B" felony, but the facts do not support a finding that this was the total amount of time spent in trial preparation. In any event, we do not decide this case on the breach-of-an-essential-duty prong of the standard for determining whether there has been ineffective assistance of counsel.

"If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). For the prejudice prong in a claim of ineffective assistance of counsel, "the applicant must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. An applicant must establish the prejudice prong by a preponderance of the evidence. *Ledezma*, 626 N.W.2d at 145.

Thurman does not allege what defense counsel should have done differently, other than spend more time on his case. He does not specify what additional evidence could have been discovered if defense counsel had spent additional time preparing before the trial. The State asserts, "Indeed, Thurman has not argued how more trial preparation would have changed the outcome or what further investigation into the case would have revealed. There simply is nothing in this record to support Thurman's claim." We agree with the State's assessment. *See Rivers v. State*, 615 N.W.2d 688, 690 (Iowa 2000) (noting the applicant "failed to state how competent representation would have changed the outcome"); *State v. Astello*, 602 N.W.2d 190, 198 (Iowa Ct. App. 1999) ("[Defendant] must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome.").

We find Thurman did not meet his burden to show by a preponderance of the evidence that the result of his criminal trial would have been different if defense counsel spent more time preparing for trial. As we noted in Thurman's direct appeal, there was substantial evidence in the record to support his conviction. *See Thurman*, 2015 WL 405951, at *3. We conclude Thurman has not met the prejudice prong and, thus, has not shown he received ineffective assistance of counsel.

We affirm the district court's decision.

**AFFIRMED.**